United States District Court
Southern District of New York

STEVEN LAM,

            Plaintiff,

  -against-

VIASOURCE HOLDINGS, INC. and
JAMES J. CZEL,

            Defendants.

FILED
U.S. DISTRICT COURT

2004 APR 23  P 2: 28

S.D. OF N.Y. W.P.

**ECF CASE**

Verified Complaint
Plaintiff Demands
Trial by Jury.

**04 CIV. 3133**

**BRIEANT**

Plaintiff, by his attorneys CALANO & CALANO complaining of the defendants, alleges upon information and belief as follows:

## JURISDICTION

1. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. 1332.  At all times hereinafter mentioned plaintiff STEVEN LAM was and continues to be a citizen of the State of New York.

2. At all times hereinafter mentioned defendant VIASOURCE HOLDINGS, INC. was and continues to be a corporation incorporated in the State of Delaware

3. At all times hereinafter mentioned defendant VIASOURCE HOLDINGS, INC. maintained its principal place of business at 200 East Broward Blvd., Ft. Lauderdale, Florida.

4. At all times hereinafter mentioned defendant JAMES J. CZEL was a citizen of the State of Connecticut.

5. The amount which is in controversy in this action exceeds the sum of $50, 000.00, exclusive of costs.

## FACTS

6. On January 22, 2002 Defendant ViaSource Holdings, Inc. was the owner of a motor vehicle bearing New Jersey Registration number X84457 for year 2002.

7. On January 22, 2002 defendant James J. Czel operated defendant ViaSource Holdings, Inc.'s motor vehicle with its permission and consent.

8. On January 22, 2002 plaintiff Steven Lau was the owner of a motor vehicle bearing New York Registration Number BDX 2301 for year 2002.

9. On January 22, 2002 the motor vehicle owned and operated by the defendants was in a collision with the motor vehicle owned and operated by plaintiff on Main Street, Danbury, CT.

10. On January 22, 2002 the collision between said motor vehicles was proximately caused by the negligence, carelessness and recklessness of the defendants ViaSource Holdings, Inc. and James J. Czel in the ownership, operation, maintenance and control of their motor vehicle.

11. The limitations of liability mandated by Article 16 of the N.Y.S. CPLR do not apply to this action.

As and for for a first cause
of Action in Favor
of Plaintiff Steven Lau Against
Defendants ViaSource Holdings, Inc. and James J. Czel

12. Plaintiff Steven Lau, restates and reiterates each and every allegation of his complaint numbered 1-11, as if stated herein at length.

13. As a result of said motor vehicle accident, Plaintiff Steven Lau sustained personal injuries.

14. As a result of said motor vehicle accident, the personal injuries sustained by Plaintiff Steven Lau were "serious" injuries as defined by Section 5102 (D) of the New York State Insurance Law.

15, As a result of said accident plaintiff Steven Lau has sustained economic loss in excess of basic economic loss as defined by Section 5102 (a) of the New York State Insurance Law.

16. As the result thereof, Plaintiff has been damaged in the amount of $1,000,000.00.

Wherefore the Plaintiff Steven Lau
demands judgement against Defendants ViaSource, Holdings Inc.
and James J. Czel on his first cause of action in the
amount of $1,000,000.00
with statutory costs and disbursements.

Dated: New York, New York
         March 29, 2004

CALANO & CALANO, LLP, by
MICHAEL A. CALANO 3484
*Attorney for Plaintiff*
112 Madison Avenue
New York, New York 10016

To:  VIASOURCE HOLDINGS, INC.
      200 E. Broward Blvd.
      Ft. Lauderdale, Fla.  33301

      JAMES J. CZEL
      4 W. Woodland Drive
      Easton, CT 06612

STATE OF NEW YORK, COUNTY OF NEW YORK     ss.:

I, the undersigned am an attorney admitted to practice in the Courts of New York, and

say that: I am the attorney of record, or of counsel with the attorney of record, for plaintiff. I have

read the annexed:

## SUMMONS AND COMPLAINT

know the contents thereof and the same are true to my knowledge, except those matters therein

which are stated to be alleged on information and belief, and as to those matters I believe them to

be true. My belief, as to those matters therein not stated upon knowledge, is based upon

conversations with the plaintiffs and the contents of your affiant's file. The reason I make this

affirmation instead of the plaintiffs is that plaintiffs reside outside the county wherein attorneys

main office is located. I affirm that the foregoing statements are true under the penalties of

perjury.

Dated: New York, New York
        March 29, 2004

_____
MICHAEL A. CAIANO, ESQ.